IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

AUG 25 2008

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

JEREMY LAMONT SMITH, )
)
Plaintiff, )
)
vs. ) No. CIV-07-413-W
)
RON WARD et al., )
)
Defendants. )

## ORDER

On July 9, 2007, United States Magistrate Judge Gary M. Purcell issued his Second Supplemental Report and Recommendation in this matter, in which he made various recommendations with regard to the Motion for Summary Judgment filed pursuant to Rule 56, F.R.Civ.P., by defendants Ron Ward, former Director of the Oklahoma Department of Corrections ("DOC"), Ken Klingler, DOC Regional Director, Phillip Brandon, Deputy Warden, Oklahoma State Reformatory ("OSR"), and Danny Atchley, OSR Unit Manager, and by defendants Scott D. Crow, Debbie Mahaffey and Jim Overstreet, who are DOC Deputy Directors. The parties were advised of their right to object, and the matter now comes before the Court on the objections filed by plaintiff Jeremy Lamont Smith and by the foregoing defendants.

In determining whether summary judgment as requested by the defendants is appropriate, the Court must decide whether "there is no genuine issue as to any material fact and . . . [whether] the movant[s] . . . [are] entitled to judgment as a matter of law." Rule 56(c), F.R.Civ.P. In reaching its decision, the Court may not evaluate the credibility of the witnesses, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), or "weigh the

evidence and determine the truth of the matter . . . ." Id. at 249. Rather, the Court must focus on "whether there is a genuine issue for trial . . . [and whether] there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. (citations omitted). The Court must decide after "view[ing] the evidence presented through the prism of the substantive evidentiary burden," id. at 254, whether such "evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

Upon de novo review of the record and after construing Smith's pro se pleadings liberally, the Court concurs with Magistrate Judge Purcell's suggested disposition of the defendants' Motion for Summary Judgment.

Accordingly, the Court ORDERS as follows:

(1) The Second Supplemental Report and Recommendation issued on July 9, 2008, should be and is hereby ADOPTED. Smith's Objection file-stamped July 31, 2008, in its entirety, and the movants' Objection filed on July 29, 2008, to the extent stated herein, are therefore OVERRULED.

(2) The defendants' Motion for Summary Judgment [Doc. 55] filed on May 30, 2008, should be is here by GRANTED to the extent the movants in their individual capacities have sought summary judgment on Smith's claim as set forth in Count IV of his complaint. In Count IV, Smith contended that these defendants were deliberately indifferent to his safety in violation of the eighth amendment to the United States Constitution.

The movants have argued that Smith has failed to establish any personal participation on the part of these defendants, an essential element of Smith's claims under title 42, section 1983 of the United State Code. The Court agrees and finds that absent

2

evidence establishing an affirmative link between deliberate, intentional conduct on the part of any of these defendants and the alleged constitutional deprivation that these defendants are entitled to summary judgment on Count IV.

(3) The Motion for Summary Judgment should be and is also GRANTED to the extent that these defendants have challenged Smith's requests for prospective injunctive relief. In this connection, these defendants have contended that such requests are moot since Smith was transferred from OSR to another correctional facility and has not resided at OSR since November 8, 2005.

In Mitchell v. Estrada, 225 Fed. Appx. 737 (10th Cir. 2007)(cited pursuant to Tenth Cir. Rule 32.1), the United States Court of Appeals for the Tenth Circuit stated that "[a]n inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief related to conditions of confinement." Id. at 741 (citations omitted). Thus, these defendants are entitled to summary judgment on Smith's requests for prospective injunctive relief in his complaint to the extent any request for such relief is deemed moot.

(4) The Motion for Summary Judgment should be and is likewise GRANTED to the extent that these defendants have argued that Smith lacks standing to advance complaints on behalf of other prisoners regarding DOC policies, programs and procedures. Smith cannot raise claims on behalf of others absent appropriate certification as a class or seek declaratory and injunctive relief based upon his "general observations" about prisons conditions. E.g., Swoboda v. Dubach, 922 F.2d 286, 289-90 (10th Cir. 1993)(general observations about prison conditions not actionable under section 1983).

(5) The matter is RE-REFERRED to Magistrate Judge Purcell for further proceedings, and in so doing, because it is arguable whether the instant defendants also

sought summary judgment on the claims set forth in Counts I and II of Smith's complaint because Smith had failed to present any evidence establishing an affirmative link between deliberate, intentional conduct on the part of any of these defendants and the alleged constitutional deprivations set forth in those two counts, the Court DIRECTS Magistrate Judge Purcell to permit these defendants the opportunity to challenge the claims in Counts I and II by dispositive motion.

ENTERED this 25th day of August, 2008.

LEE R. WEST
UNITED STATES DISTRICT JUDGE